David R. Jordan, Ariz. Bar No. 013891
*The Law Offices of David R. Jordan, P.C.*
1995 State Road 602
PO Box 840
Gallup, NM 87305-0840
(505) 863-2205
Fax: (866) 604-5709
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Kenneth Cooper,** | )<br>) |
| Plaintiff, | )<br>)   No. _____ |
| **vs.** | )<br>)<br>)   **COMPLAINT** |
| **Window Rock Unified School Dist.,** | )<br>) |
| Defendant. | )<br>) |

Plaintiff alleges:

1. This is a civil action arising under the laws of the United States and is brought pursuant to Title VII of the Civil Rights Act of 1964 codified at 42 U.S.C.A. §§ 2000e et seq. and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a. This court has jurisdiction of the claims pursuant to 28 U.S.C.A. §§ 1331, 1343.

2. Venue in the United States District Court for the District of Arizona is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3).

3. Plaintiff is a resident of Fort Defiance, Arizona, which is in the federal District of Arizona.

4. Defendant Window Rock Unified School District is an Arizona state school district.

5. Plaintiff was employed by Defendant on August 3, 2017 as a Human Resources Director.

6. Plaintiff is African-American.

7. Plaintiff performed his duties at a satisfactory level.

8. On or about November 20, 2017, Plaintiff assisted an employee with obtaining information on how to file a complaint with the EEOC. The employee had been subjected to unlawful employment practices, including discrimination. Plaintiff opposed the unlawful practices and assisted the employee to further that opposition.

9. On January 2, 2018, the school superintendent, Lynette Michalski, summoned Plaintiff to a meeting in her office.

10. Michalski accused Plaintiff of writing the complaint for the employee. Plaintiff admitted that he assisted the employee, but only because she had been subjected to unlawful employment practices, and he opposed such practices.

11. After she learned about the EEOC complaint, Michalski's attitude toward Plaintiff changed markedly. She falsely accused him of insubordination, interfered with his work, and falsely accused Plaintiff of having an inappropriate relationship with another employee. All of this was to retaliate against Plaintiff for assisting the employee with her EEOC filing.

12. In January 2018, Plaintiff opposed Michalski's practice of pre-selecting employees, before the application and interview process, and opposed the pre-selection of a particular employee because he believed that such a process was unlawful.

13. On February 14, 2018, Michalski put Plaintiff on administrative leave regarding the false accusations against him. All of this was to retaliate against Plaintiff for opposing unlawful employment practices.

14. On March 27, 2018, Michalski gave Plaintiff notice that his contract would not be renewed. Again, this was to retaliate against Plaintiff for opposing unlawful employment practices.

15. In addition to the unlawful retaliation, Plaintiff was the victim of racial and gender discrimination. A white female employee was found to have falsified documents. Upon information and belief, she was not disciplined. Plaintiff, by contrast, was terminated for false accusations. Plaintiff was terminated because he was an African-American male who opposed unlawful employment practices in violation of Title VII.

16. On November 14, 2018, Defendant and Plaintiff entered into a contract by which Plaintiff would be reinstated as acting superintendent with full backpay and back benefits. This agreement was reduced to a writing in the form of a letter.

17. Defendant breached that agreement, and never re-hired Plaintiff as acting superintendent and never paid him back benefits or

## FIRST CLAIM FOR RELIEF

### (Violation of Title VII)

18. Plaintiff realleges every allegation of the complaint.

19. As an African-American, Plaintiff is a member of a protected class.

20. Plaintiff was qualified for his position.

21. Plaintiff suffered adverse action, in the form of the non-renewal of his contract.

22. Plaintiff was subjected to the adverse action as a result of (1) his race; and (2) retaliation for his participation in the opposition of unlawful employment practices by Defendant.

23. This conduct violated Title VII.

3

24. Plaintiff was damaged by the violation of Title VII, including suffering compensatory damages for emotional harm, lost pay, lost benefits, etc. Plaintiff demands recovery of such damages, plus attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

25. Plaintiff realleges every allegation of the complaint.

26. This claim arises under the Court's ancillary jurisdiction.

27. The parties entered into a contract whereby Plaintiff would be reinstated as acting superintendent with backpay and back benefits.

28. Defendant breached this contract by the conduct described herein.

29. Plaintiff was damaged by the breach of contract, including suffering general and consequential damages. Plaintiff demands recovery of such damages, plus attorneys' fees and costs.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Damages in an amount to be determined by the Court;

B. Court costs and attorneys' fees; and

C. Such other relief as the Court deems just and proper.

DATED this 29th day of December, 2020.

*The Law Offices of David R. Jordan, P.C.*

*/s/ David R. Jordan*
David R. Jordan
1995 State Road 602
PO Box 840
Gallup, New Mexico 87305
Attorney for Plaintiff

4