**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Cooper, | No. CV-20-08346-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Window Rock Unified School District, | |
| Defendant. | |

In this employment action, the Court granted summary judgment in favor of Defendant Window Rock Unified School District ("the School") and against Plaintiff Kenneth Cooper ("Plaintiff). (Doc. 40). The School has since filed a Motion for Attorneys' Fees and Non-Taxable Costs (Doc. 42)[1] seeking $46,189.83 in fees and $1,427.33 in costs. The Court denies the School's Motion without prejudice because although the School is entitled to an award on Plaintiff's breach of contract claim and frivolous Title VII retaliation claim, it is not entitled to an award on Plaintiff's nonfrivolous Title VII discrimination claim.

**I.   Background**

Plaintiff worked as the Human Resources Director at the School. (Doc. 36-2 at 2–9). Plaintiff's employment contract was from August 2017 to June 2018. (*Id.* at 17–18, 127). The School did not renew Plaintiff's employment contract based on his violations of the School's Policies and Regulations. (*Id.* at 151–52, 160).

---

[1] The matter is fully briefed. Plaintiff filed a Response (Doc. 48) and the School filed a Reply (Doc. 50).

Plaintiff brought three claims against the School: (1) breach of contract; (2) violation of Title VII on racial discrimination grounds; and (3) violation of Title VII on retaliation grounds. (Doc. 1 at ¶¶ 18–29). Plaintiff's breach of contract claim alleged the School failed to re-hire him as acting superintendent. (*Id.* at ¶¶ 16–17). Plaintiff's racial discrimination claim alleged that his employment contract was not renewed based on his race while similarly situated employees were treated more favorably. (*Id.* at ¶¶ 15, 21–22). Plaintiff's retaliation claim alleged the School retaliated against him for assisting an employee with information on filing an Equal Employment Opportunity Complaint ("EEOC") complaint and opposing unlawful employment practices. (*Id.* at ¶¶ 8, 10–14).

The School filed a Motion for Summary Judgment on all of Plaintiff's claims (Doc. 36), which the Court granted (Doc. 40). The Court first found Plaintiff's breach of contract claim was procedurally barred because Plaintiff neglected to timely serve the School under A.R.S. § 12-821.01. (*Id.* at 19). Plaintiff's claim further failed on its merits because he admitted the School never offered him a second contract. (*Id.*) The Court accordingly entered summary judgment in the School's favor. (*Id.*)

The Court also found Plaintiff's racial discrimination claim failed as a matter of law under both a disparate treatment theory and a hostile work environment theory. (*Id.* at 16–17). As to his disparate treatment theory, Plaintiff did not establish a *prima facie* case for racial discrimination. He neither offered sufficient comparator evidence showing he was treated differently than a similarly situated employee, nor rebutted the School's nondiscriminatory reason for its adverse action as pretextual. (*Id.* at 8–16). As to his hostile work environment theory, Plaintiff did not allege this theory in his Complaint and did so for the first time in his Response to the School's Motion for Summary Judgment (Doc. 37). (Doc. 40 at 16). Regardless of this pleading failure, Plaintiff's hostile work environment theory failed for the same reasons his disparate treatment theory: he did not provide sufficient comparator evidence. (*Id.*) The Court accordingly entered summary judgment in the School's favor. (*Id.* at 16–17).

Last, Plaintiff's retaliation claim failed as a matter of law because Plaintiff did not

allege he engaged in a protected activity. In fact, Plaintiff abandoned his retaliation claim because he did not raise it in his Response to the School's Motion for Summary Judgment. (Doc. 37 at 1–11). The Court accordingly entered summary judgment in the School's favor. (*Id.* at 19).

The School now seeks an award of fees on all of Plaintiffs' claims in the amount of $46,189.83 in attorneys' and paralegal fees and $1,427.33 in non-taxable costs. (Doc. 42 at 1).

**II.     Discussion**

A party seeking an award of attorneys' fees must show it is eligible for and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c).

Eligibility and entitlement to an award of attorneys' fees is dependent on "the applicable statutory or contractual authority upon which the movant seeks an award[.]" LRCiv 54.2(c)(1). The School argues it is entitled to an award on Plaintiff's breach of contract claim under A.R.S. § 12-341.01. The School argues it is entitled to an award on Plaintiff's Title VII claims under 42 U.S.C. § 1988. (Doc. 42 at 3–11). It further maintains these claims were so "inextricably intertwined" that it is "impossible to parse out discovery relevant only to Plaintiff's breach of contract claim from the discrimination and retaliation claims which Plaintiff also asserted." (*Id.* at 3).

Plaintiff opposes the School's request for fees on his breach of contract claim, arguing that "the contract claim was a very small portion of Plaintiff's claim." (Doc. 48 at 12). Plaintiff also contends that granting the School fees under 42 U.S.C. § 1988 would "have a strong chilling effect on Title VII claims[]" and "discourage all but the bravest of potential litigants." (*Id.* at 11). The Court will examine each statute in turn before identifying the issue of fee allocation.

**A.     Fee Awards Under A.R.S. § 12-341.01**

A.R.S. § 12-341.01 permits a court to award attorneys' fees to the successful party in "any contested action arising out of contract[.]" A.R.S. § 12-341.01(A). The School is eligible for fees as the prevailing party on summary judgment. *See, e.g.*, *True Ctr. Gate*

- 3 -

*Leasing, Inc. v. Gate, L.L.C.*, 427 F. Supp. 2d 946, 950 (D. Ariz. 2006). Thus, the remaining issue is whether the School is entitled to an award.

Courts have broad discretion when determining whether a party is entitled to an award of fees under A.R.S. § 12-341.01(A). *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (*en banc*). To aid its decision, Arizona courts consider the following six factors: "(1) the merits of the unsuccessful [party's] claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues; and (6) whether the award will overly deter others from bringing meritorious suits." *Velarde v. Pace Mbrshp. Warehouse*, 105 F.3d 1313, 1319 (9th Cir. 1997) (citing *Associated Indem. Corp.*, 694 P.2d at 1184). The Court will address each factor below.

**1.      The merits of the unsuccessful party's claim or defense**

As to the first factor, Plaintiff's breach of contract claim was substantively meritless because Plaintiff conceded that he was not offered a second employment contract. (Doc. 40 at 19 citing Doc. 36-2 at 88–90); *see Harris v. Maricopa County. Superior Court*, 631 F.3d 963, 974 (9th Cir. 2011) ("A defendant is entitled to attorney's fees if the plaintiff's claims arise out of an alleged contract that is proven not to exist."). Plaintiff's claim was also procedurally meritless because Plaintiff admitted he failed to serve the School in compliance with Arizona state law. (Doc. 36-2 at 188). Therefore, this factor weighs in favor of an award of fees.

**2.      Whether litigation could have been avoided or settled**

Under the second factor, courts consider whether the parties "attempted to settle the claim, whether litigation could have been avoided, and whether the [p]arties' efforts were entirely superfluous in achieving the result." *Med. Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1243 (D. Ariz. Mar. 19, 2014). The School represents that "Plaintiff refused to realistically evaluate his case and engage in settlement discussions." (Doc. 50 at 4). Indeed, the parties participated in settlement talks on February 11, 2022, but were unable

to settle the matter. (Doc. 35). The School also states it attempted to consult with Plaintiff on the issues relating to the attorneys' fees, but it did not receive a response. (Doc. 42-3 at 2). The second factor weighs in favor of the School.

### 3. Whether assessing fees against the unsuccessful party would cause extreme hardship

Plaintiff urges the Court to consider the "extreme hardship" posed by a $46,000 award of fees. (Doc. 48 at 12). "[A] party asserting financial hardship has the burden of coming forward with *prima facie* evidence of the financial hardship." *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1990). Such evidence may include "complete tax returns, complete financial statements" or other relevant financial documents. *Rindlisbacher v. Steinway & Sons Inc.*, 2021 WL 2434207, at *8 (D. Ariz. May 26, 2021).

As noted by the School, Plaintiff "presented no documentation of his savings showing that his assets are insufficient[.]" (Doc 50 at 5). Plaintiff's mere declaration that an award would present an extreme hardship falls short of any concrete or specific evidence proving hardship. *See Kaufman v. Warner Bros. Ent. Inc.*, 2019 WL 2084460, at *9 (D. Ariz. May 13, 2009). Plaintiff has not carried his burden of production. Therefore, this factor weighs in favor of the School.

### 4. Whether the successful party prevailed with respect to all relief sought

The Court entered summary judgment in the School's favor on all three of Plaintiff's claims and so the School prevailed with respect to all relief sought in this case. (Doc. 40 at 20). This factor weighs in favor of an award of fees.

### 5. The novelty of the issues

There is nothing novel about the claims under A.R.S. § 12-341.01 in this case. The fifth factor weighs in favor of an award of fees.

### 6. Whether the award will overly deter others from bringing meritorious suits.

Under the last factor, the Court considers whether an award in this case would discourage other parties from bringing "*legitimate* contract issues for fear of incurring

- 5 -

liability for substantial amounts of attorney's fees." *Associated Indem. Corp.*, 694 P.2d at 1184 (citation omitted) (emphasis added). An underlying purpose behind A.R.S. § 12-341.01 is "to make potential litigants think twice before they file frivolous litigation." *Jimenez v. Maricopa Unified Sch. Dist. No. 20*, 2010 WL 11537778, at *5 (D. Ariz. Mar. 8, 2010); *Kaufman*, 2019 WL 2084460, at *10 (A.R.S. § 12-341.01's fee-shifting provision has a "collateral benefit of chilling . . . meritless and costly litigation").

Plaintiff's breach of contract claim failed for both procedural and substantive and reasons. *See supra* Section II.A(1)(a). Plaintiff pursued a meritless breach of contract claim based on a nonexistent second employment contract. Thus, an award of attorneys' fees here would not discourage those with legitimate claims based on existing contracts. This factor weighs in favor of the School.

Together, the six considering factors approve an award of fees under A.R.S. § 12.341-01.

**B.     Fee Awards Under 42 U.S.C. § 1988**

The School also argues it is eligible and entitled to attorneys' fees under 42 U.S.C. § 1988 because "Plaintiff's Title VII claims were wholly frivolous and lacked foundation." (Doc. 42 at 6).[2] 42 U.S.C. § 1988 provides:

> In any action or proceeding to enforce a provision of [42 U.S.C. §] 1981[3] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

---

[2] The School cites to non-binding, out-of-circuit authorities from the Third, Sixth, and Eleventh Circuit to argue certain factors for assessing frivolity. (Doc 42 at 6 citing *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985); *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746 (3d Cir. 1997); *E.E.O.C. v. Peoplemark, Inc.*, 2013 WL 5509158 (6th Cir. 2013); *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 952 (11th Cir. 1999)). Instead, the Court will follow the factors established by the United States Supreme Court and Ninth Circuit, as it must.

[3] Plaintiff filed his Complaint under 42 U.S.C. § 1981a. (Doc. 1 at 1).

42 U.S.C. § 1988(b).  Courts maintain discretion to award fees under 42 U.S.C. § 1988 to "avoid discouraging civil rights plaintiffs from bringing suits, and thus 'undercut[tting] the efforts of Congress to promote the vigorous enforcement of' the civil rights laws." *Harris*, 631 F.3d at 971 (quoting *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978)).  Only exceptional cases justify awarding fees to a prevailing defendant in a civil rights case.  *See Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

Prevailing defendants are awarded attorneys' fees under 42 U.S.C. § 1988 "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Mayer v. Wedgewood Neighborhood Coalition*, 707 F.2d 1020, 1021 (9th Cir. 1983) (quoting *Christiansburg*, 434 U.S. at 421); *see also Fox v. Vice*, 563 U.S. 826, 833 (2011). Actions are considered frivolous when the "results appear obvious or the arguments are wholly without merit." *Galen v. County. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). For a case to be wholly without merit, a plaintiff must have reason to know that a case had no legal or factual foundation at the outset. *Mitchell v. Office of L.A. Cnty. Superintendent of Sch.*, 805 F.2d 844, 847 (9th Cir. 1986).  A court must not apply hindsight logic "by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 422.  This is because "[n]o matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id*.  Though finding a claim to be frivolous is "a prerequisite to an award of attorney's fees, notwithstanding such a finding, the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case." *Thomas v. City of Tacoma*, 410 F.3d 644, 651 (9th Cir. 2005) (internal quotations and citation omitted).

**1.      Plaintiff's Discrimination Claim was Nonfrivolous**

The result of Plaintiff's racial discrimination claim did not appear obvious, nor can

his claim be characterized as wholly meritless. The School did not renew Plaintiff's employment contract due to his violations of the School's Policies and Regulations (Doc. 36-2 at 130). Plaintiff believed his violations were no more egregious than those committed by other employees who were not subject to discipline. (Doc. 40 at 10). He offered specific examples of five employees who he claimed had engaged in similar or worse conduct but were treated more favorably. (*Id.* at 11–13). Although Plaintiff identified three similarly situated employees, his discrimination claim failed because his comparator examples did not involve conduct comparable to his policy violations. (*Id.*)

"There is a significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial." *Mitchell*, 805 F.2d at 847; *see also Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003). Although Plaintiff ultimately failed to provide sufficient comparator evidence as a matter of law, the Court nevertheless finds Plaintiff's claim was grounded in reasonable facts. His examples consisted of employees who were not disciplined despite falsifying documents, engaging in absenteeism, using racially charged remarks, coming into work tardy, and failing to carry out their duties. (Doc. 40 at 11–12). It cannot be said that Plaintiff's claim was foundationless based on the circumstances known to him at the time he filed his Complaint. And the Court declines to find Plaintiff's discrimination claim frivolous solely because Plaintiff did not prevail. *See Christiansburg*, 434 U.S. at 421–22. Therefore, the Court concludes Plaintiff's racial discrimination claim is nonfrivolous and the School is not entitled to an award for legal work on this claim.

### 2. Plaintiff's Retaliation Claim is Frivolous

By contrast, the result of Plaintiff's retaliation claim did appear obvious and can be characterized as wholly meritless. Plaintiff alleges in his Complaint that he experienced "retaliation for his participation in the opposition of unlawful employment practices[.]" (Doc. 1 at ¶ 22). This conclusory statement is the first and last argument made toward Plaintiff's retaliation claim. Plaintiff made no effort whatsoever to justify his retaliation claim in his Response to the School's Motion for Summary Judgment (Doc. 37) or his

Response to the School's Motion for Attorneys' Fees and Non-Taxable Costs (Doc. 48). Unlike his racial discrimination claim, which he continued to pursue, Plaintiff abandoned his retaliation claim. *See Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (citing *Jenkins v. Cty. Of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)) (finding a plaintiff abandoned his claims by not raising them in opposition to the defendant's motion for summary judgment).

A defendant can recover fees in a civil rights action if the plaintiff's claim becomes unreasonable, frivolous, meritless or vexatious "at any point during the litigation, not just at its inception." *Galen*, 477 F.3d at 666. Given that Plaintiff (1) abandoned his retaliation claim at the summary judgment stage; (2) did not mention his retaliation claim at all in his Response to the School's Motion for Attorneys' Fees and Non-Taxable Costs; and (3) did not otherwise offer a reasonable belief that he engaged in protected activity at any point during the course of this litigation, the Court finds Plaintiff's retaliation claim is frivolous. The School is entitled to an award for legal work on this claim.

**C.     Allocation of Attorney Fee Awards Among Claims**

To summarize, the School is entitled to an award of fees on Plaintiff's breach of contract claim and frivolous retaliation claim, but not on Plaintiff's nonfrivolous discrimination claim. The presence of a nonfrivolous claim in a mixed civil rights and contract case poses a twofold problem when allocating recoverable fees.

First, when there are both nonfrivolous and frivolous civil rights claims, a trial court has "wide discretion" to grant fees to a prevailing defendant under 42 U.S.C. § 1988 "but only for costs that the defendant would not have incurred but for the frivolous claims." *Fox*, 563 U.S. at 829. Thus, the "defendant must demonstrate that the work for which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint." *Harris*, 631 F.3d at 972. The United States Supreme Court further clarified this but-for test in *Fox v. Vice*:

/ / /

/ / /

> [I]f a frivolous claim occasioned the attorney's fees at issue, a court may decide that the defendant should not have to pay them. But if the defendant would have incurred those fees anyway, to defend against *non*-frivolous claims, then a court has no basis for transferring the expense to the plaintiff. Suppose, for example, that a defendant's attorney conducts a deposition on matters relevant to both a frivolous and a non-frivolous claim—and more, that the lawyer would have taken and committed the same time to this deposition even if the case had involved only the non-frivolous allegation. In that circumstance, the work does not implicate Congress's reason for allowing defendants to collect fees. The defendant would have incurred the expense in any event; he has suffered no incremental harm from the frivolous claim.

563 U.S. at 836 (emphasis in original). The "dispositive question" is "whether the costs would have been incurred in the absence of the frivolous allegation." *Id.* at 838. Therefore, the School must identify which legal work it spent exclusively on Plaintiff's frivolous retaliation claim and independent of his nonfrivolous discrimination claim.

Second, in *Harris v. Maricopa County. Superior Court*, the Ninth Circuit addressed the manner in which fees should be allocated when there are both nonfrivolous civil rights claims and contract claims that are recoverable under Arizona law. 631 F.3d at 972–975. Because "it is impermissible to require a plaintiff to pay fees that a prevailing defendant incurred in whole or in part defending against nonfrivolous civil rights claims" under 42 U.S.C. § 1988, "the only fees that may be attributed to [a plaintiff's] contract[ ] claims for purposes of § 12.341.01(A) are those that the defendants are able to demonstrate would not have been incurred but for the inclusion of those claims in the complaint." *Id.* at 972–73; *see also Thompson v. Dignity Health*, 2020 WL 353659, at *2 (D. Ariz. Jan. 21, 2020). Thus, the same but-for test in *Fox* applies to allocation of fees for contract claims under A.R.S. § 12-341.01 that are mixed with nonfrivolous civil rights claims. The School accordingly must identify which legal work it spent exclusively on Plaintiff's contract claim that is solely independent of his nonfrivolous discrimination claim to seek an award.

The Court now turns to the School's request for fees in light of the directive that "the trial court must determine whether the fees requested would not have accrued but for

- 10 -

the frivolous claim" and recoverable contract claim. *Fox v. Vice*, 563 U.S. 826, 838 (2011); *Harris* 631 F.3d at 972 . The School argues that Plaintiff's claims were so "inextricably intertwined" that it is "impossible to parse out discovery relevant only to Plaintiff's breach of contract claim from the discrimination and retaliation claims which Plaintiff also asserted." (Doc. 42 at 3). It seeks an award of $46,189.83 in fees and $1,427.33 in costs on all three of Plaintiff's claims. (*Id.*) It is obvious that the School's blanket request does not meet the but-for test in *Fox* because it includes fees for legal work performed to defend against Plaintiff's nonfrivolous discrimination claims. The School's Motion for Attorneys' Fees and Non-Taxable Costs is denied for this reason.

However, upon a cursory review of the School's itemized statement of fees and charges, there may be some fees that would not have been performed but for the inclusion of Plaintiff's frivolous retaliation claim and breach of contract claim in the Complaint. (*See, e.g.*, Doc. 42-2 at 80 "Draft section on waived claims and arguments (retaliation, breach of contract . . .) for Reply in support of Motion for Summary Judgment"). The School can recover these types of fees under *Fox* and *Harris*. But because "trial courts need not, and indeed should not, become green-eyeshade accountants[,]" the Court will deny the School's Motion and allow it refile a detailed request for fees that is consistent with the but-for test in a mixed civil rights and contract case. *See Fox*, 563 U.S. at 838.

**III. Conclusion**

The School is eligible for and entitled to an award of fees on Plaintiff's breach of contract claim and frivolous retaliation claim, but not on Plaintiff's nonfrivolous discrimination claim. So, the School's request for $46,189.83 in attorneys' and paralegal fees and $1,427.33 in non-taxable costs must be denied because it includes fees that were spent on Plaintiff's nonfrivolous discrimination claim. Indeed, "[e]ach time entry a prevailing defendant seeks a fee award for must be *exclusively* for work performed 'in order to provide a defense against claims for which fees are permissible.'" *Thompson*, 2020 WL 353659, at *2 (emphasis in original) (quoting *Harris*, 631 F.3d at 972–73). The Court will allow the School to refile a Motion for a request of fees consistent with this standard.

The School is further cautioned that the Court will only award "fees for legal work that that was not performed in whole or in part in order to defend against the nonfrivolous civil rights claims." *Harris*, 631 F.3d at 975.

Accordingly,

**IT IS HEREBY ORDERED** that the School's Motion for Attorneys' Fees and Non-Taxable Costs (Doc. 42) is **DENIED without prejudice**. **Within fourteen (14) days** of the issuance of this Order, the School may refile a motion for a request of fees that is consistent with the directives of this Order.

Dated this 17th day of August, 2023.

Honorable Diane J. Humetewa
United States District Judge