**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Cooper, | No. CV-20-08346-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Window Rock Unified School District, | |
| Defendant. | |

In its August 17, 2023, Order (Doc. 51) (the "August Order"), the Court settled that Defendant Window Rock Unified School District ("the School") is entitled to an award of attorney fees with respect to Plaintiff Kenneth Cooper's ("Plaintiff") breach of contract claim and frivolous Title VII retaliation claim, but the School is not entitled to an award on Plaintiff's nonfrivolous Title VII discrimination claim. The Court permitted the School to refile a detailed request for fees that is consistent with the but-for test set forth in *Fox v. Vice*, 563 U.S. 826, 838 (2011) that is to be applied in mixed civil rights and contract cases. (Doc. 51 at 9–11). The School has since filed a Second Motion for Attorneys' Fees (Doc. 52)[1] (the "Second Fee Motion") seeking to recover (1) $2,655.00 in attorneys' and paralegal fees associated with Plaintiff's breach of contract and retaliation claims; and

---

[1] Local Rule 54.2 provides that the following documents must be attached to a motion for fees: (1) a Statement of Consultation; (2) a copy of a fee agreement or statement that there is no fee agreement; (3) a Task-Based Itemized Statement providing the required description of services rendered; (4) an affidavit of moving counsel; and (5) "[a]ny other affidavits or evidentiary matter deemed appropriate . . . or required by law." LRCiv 54.2(d)(1)-(5). The School's Second Fee Motion complies with these requirements. (*See* Doc. 52 at 9–109).

(2) $6,471.50 fees incurred while preparing its two fee motions. The Second Fee Motion is unopposed; Plaintiff did not file a response and the time to do so has passed. *See* LRCiv 7.2. For the following reasons, the School's Second Fee Motion is granted.

## II.     Legal Standard

A party seeking an award of attorneys' fees must show it is eligible for and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c). Eligibility and entitlement to an award is dependent on "the applicable statutory or contractual authority upon which the movant seeks an award[.]" LRCiv 54.2(c)(1). To determine whether an award is reasonable, courts assess the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3).

## II.     Discussion

### A.     Eligibility and Entitlement

When ruling on the School's First Motion for Attorney Fees (Doc. 42) (the "First Fee Motion"), the Court determined that the School is entitled to an award of fees on Plaintiff's breach of contract claim under A.R.S. § 12.341-01 and frivolous Title VII retaliation claim under 42 U.S.C. § 1988. (*See generally* Doc. 51). The School now argues it is also eligible for and entitled to an award of fees associated with preparing its Fee Motions. (Doc. 52 at 4–5). Indeed, in statutory fee cases such as this one, "federal courts . . . have uniformly held that time spent in establishing the entitlement to an amount of the fee is compensable." *See Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 981 (9th

Cir. 2008). "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Id*. Therefore, the School is entitled to an award of fees with respect to its First Fee Motion, associated Reply Brief (Doc. 50), and the Second Fee Motion.

### B.  Reasonableness

Having settled that the School may recover fees associated with Plaintiff's breach of contract claim, Plaintiff's frivolous Title VII claim, and the School's Fee Motions, the Court must assess the reasonableness of the fees sought. The School argues its fee request is reasonable under the twelve *Kerr* factors. (*Id*. at 2–6 citing LRCiv 54.2(c)). As explained in the August 2023 Order, the presence of Plaintiff's mixed claims poses a unique set of circumstances when allocating recoverable, reasonable fees. (Doc. 51 at 9–11). The Court will first set forth the appropriate allocation standard before examining each *Kerr* factor in turn.

#### 1.  Allocation of Attorney Fee Awards Among Mixed Claims

The presence of Plaintiff's nonfrivolous Title VII discrimination claim in this mixed civil rights and contract case poses a twofold problem when allocating recoverable, reasonable fees. First, when there are both nonfrivolous and frivolous civil rights claims, the "defendant must demonstrate that the work for which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint." *Harris v. Maricopa County. Superior Court*, 631 F.3d 963, 972 (9th Cir. 2011). The United States Supreme Court further clarified this but-for test in *Fox*:

> [I]f a frivolous claim occasioned the attorney's fees at issue, a court may decide that the defendant should not have to pay them. But if the defendant would have incurred those fees anyway, to defend against non-frivolous claims, then a court has no basis for transferring the expense to the plaintiff. Suppose, for example, that a defendant's attorney conducts a deposition on matters relevant to both a frivolous and a non-frivolous claim—and more, that the lawyer would have taken and committed the same time to this deposition even if the case had involved only the non-frivolous allegation. In that circumstance, the work does not implicate Congress's reason for allowing defendants to collect fees. The defendant would have incurred the

- 3 -

expense in any event; he has suffered no incremental harm from the frivolous claim.

563 U.S. at 836 (emphasis in original).

Second, in *Harris v. Maricopa County. Superior Court*, the Ninth Circuit addressed the manner in which fees should be allocated when there are both nonfrivolous civil rights claims and contract claims that are recoverable under Arizona law. 631 F.3d at 972–975. Because "it is impermissible to require a plaintiff to pay fees that a prevailing defendant incurred in whole or in part defending against nonfrivolous civil rights claims" under 42 U.S.C. § 1988, "the only fees that may be attributed to [a plaintiff's] contract[ ] claims for purposes of § 12.341.01(A) are those that the defendants are able to demonstrate would not have been incurred but for the inclusion of those claims in the complaint." *Id*. at 972–73; *see also Thompson v. Dignity Health*, 2020 WL 353659, at *2 (D. Ariz. Jan. 21, 2020). Thus, the same but-for test in *Fox* applies to allocation of fees for contract claims under A.R.S. § 12-341.01 that are mixed with nonfrivolous civil rights claims. The School accordingly must identify which legal work it spent exclusively on Plaintiff's contract claim that is solely independent of his nonfrivolous discrimination claim to seek an award.

  **2.** **The *Kerr* factors**

    **a.** **Time and Labor Required**

The School's counsel avers they reviewed their billing entries and identified those time entries that solely relate to Plaintiff's breach of contract claim and frivolous Title VII retaliation claim. (Doc. 52 at 3). For example, The School's counsel represent their fees charged for the School's Second Supplemental Disclosure and Requests for Admission all related to Plaintiff's breach of contract claim. (*Id*. at 4). The School's counsel conclude that, of the total 236.10 hours spent on this matter, their attorneys and paralegal spent 14 hours on the recoverable claims, which total to $2,655.00 in fees. (*Id*. at 4, 14–16). The Court finds this allocation of fees satisfies the but-for test in *Fox*. As to the School's Fee Motions, the School's counsel represent they spent $4,192.00 in fees related to the First Fee Motion and associated Reply Brief (Doc. 50) and $2,279.50 related to the Second Fee

Motion. (Doc. 52 at 17).

Overall, the Court finds the time and labor required to represent the School as accounted for in the billing entries are accurate and reasonable. *See* LRCiv 54.2(e)(2) ("The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated.").

### b. Novelty and Difficulty

This mixed civil rights and contract action did not present any novel or difficult issues.

### c. Requisite Skill

Breach of contract cases require skills in commercial litigation while Title VII cases require skills in civil rights and employment litigation.

### d. Preclusion of Other Employment

The School's counsel do not indicate whether they were precluded from other employment.

### e. Customary Fee

The School entered into a standard, hourly billing arrangement with its counsel. (*See* Doc. 52 at 6). The School's counsel charged rates at $200–250 per hour for partner service, $200 per hour for associate services, and $100–110 per hour for paralegal services. (*Id*. at 5). The School's counsel represents their fixed rates are considerably lower than those recognized as reasonable in this district for the purpose of calculating fee awards. (*Id*.) The Court agrees. *See e.g.*, *Ecoshield Pest Sols. N. DC LLC v. Dixon*, 2022 WL 2117844, *4 (D. Ariz. June 13, 2022) (holding that attorney fees of $350 to $400 per hour are reasonable); *Casavelli v. Johanson*, 2021 WL 3400608, *8 (D. Ariz. July 20, 2021), *aff'd*, 2022 WL 4115495 (9th Cir. Sept. 9, 2022) (holding that attorney fees of $350 to $400 per hour and billing rates for clerks and paralegal ranging from $90 to $250 per hour were reasonable).

### g. Time Limitations

There is no indication that Plaintiff placed any time limitations on its Counsel.

        **h.**        **Amount Involved and Results Obtained**

Plaintiff valued his claim as $1,283,240.79. (Doc. 52 at 78–79). The School's counsel defended the case and obtained summary judgment on all of Plaintiff's claims.

        **i.**        **Experience, Reputation, and Ability of the Attorneys**

The School's counsel represents that "lead attorney in this case, Ms. Georgia A. Staton specializes in the defense of governmental entities, and has more than 49 years of experience." (*Id*. at 6). They further state that Mr. Ravi Patel, counsel who provided legal research and drafted the summary judgment motion, "has more than 15 years' experience specializing in matters involving employment and civil rights issues, governmental liability, and education defense." (*Id*.)

        **j.**        **The Case's Undesirability**

This case is neither particularly desirable nor undesirable.

        **k.**        **Nature and Length of relationship with the Client**

The School's counsel has represented governmental entities, school districts, and district employees for over 49 years. (*Id*. at 6, 14).

        **l.**        **Awards in Similar Cases**

The Court finds the School's request for $9,126.50 in fees is reasonable award when compared to similar cases. *See e.g. Wine Educ. Council v. Rangers*, 2023 WL 5152446 (D. Ariz. Apr. 19, 2023) (awarding $8,388.50 in attorney fees under A.R.S. § 12.341-01); *Deshler v. Pinon Unified Sch. Dist.*, 2006 WL 8440329 (D. Ariz. July 19, 2006) (awarding $28,713.50 in attorneys' fees associated with the plaintiff's frivolous Title VII claims of racial and gender discrimination).

**IV.**    **Conclusion**

The School is eligible for and entitled to an award of all fees associated with Plaintiff's breach of contract claim, Plaintiff's frivolous Title VII claim, and the School's Fee Motions. The Court finds the allocation of time spent on these matters are reasonable and that the School's counsel applied reasonable billing rates. The Court will therefore award the School $9,126.50 in attorneys' fees.

Accordingly,

**IT IS ORDERED** that Defendant Window Rock Unified School District's Second Motion for Award of Attorneys' Fees (Doc. 52) is **GRANTED**. The Court approves an award of $9,126.50 in attorneys' fees, for which Plaintiff Kenneth Cooper is liable.

Dated this 11th day of June, 2024.

Honorable Diane J. Humetewa
United States District Judge